IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No 17-cv-1260-RBJ-GPG

THE HIGH LONESOME RANCH, LLC,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF GARFIELD,
THE UNITED STATES OF AMERICA, through its agency, the Bureau of Land Management, a division of the United States Department of Interior,

    Defendants.

---

THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF GARFIELD,

    Counterclaim Plaintiff,

v.

THE HIGH LONESOME RANCH, LLC,
THE UNITED STATES OF AMERICA, through its agency, the Bureau of Land Management, a division of the United States Department of Interior,

    Counterclaim Defendants.

## ORDER on POST-REMAND MOTIONS

In an attempt to resolve a long-simmering dispute between the High Lonesome Ranch and Garfield County concerning two roads that traverse the Ranch's property, the Court issued an extensive order and Final Judgment on December 22, 2020. *High Lonesome Ranch, LLC v. Board of County Commissioners,* 508 F. Supp. 3d 801 (D. Colo. 2020) ("*High Lonesome I*"). On the Ranch's appeal, the Tenth Circuit affirmed for the most part but reversed and remanded for (1) reconsideration of the portion of the order concerning Revised Statute 2477 ("R.S. 2477")

1

and (2) determination of the specific location and width of the public rights-of-way along the roads. *High Lonesome Ranch, LLC v. Board of County Commissioners,* 61 F.4th 1225 (10th Cir. 2023) (*High Lonesome II).* This Court then addressed and resolved the two issues. *High Lonesome Ranch v. Board of County Commissioners,* 2024 WL 42909819 (D. Colo. Sept. 25, 2024) (*High Lonesome III*).

Now both the co-defendant U.S. Bureau of Land Management and the Ranch have filed motions seeking further modifications. The Court grants the BLM's motion. It grants in part and denies in part the Ranch's motion. This order should bring this litigation to an end.

## I.   THE BLM'S MOTION.

The BLM suggests that the Court's description of the public right-of-way along the Middle Dry Fork Road is inaccurate. The Court stated that "[t]he Middle Dry Fork Road is a public road *in its entirety* from the point where it begins at the Y in Sec. 25 TS 7S-R100W *through and including its western end in Sec. 5 TS 8S-R000W* in its Amended Judgment. However, the centerline survey commissioned by the County following the remand shows that the Middle Dry Fork Road now terminates in Sec. 7 of Township 8S, R-100W. BLM argues that, to avoid confusion, the description of the right-of-way found by the Court should be amended to read, "[t]he Middle Dry Fork Road is a public road from the point where it begins at the Y in Sec. 25 TS 7S-R100W through the point where it intersects the western edge of the High Lonesome property in Sec. 5 TS 8S-R100W." ECF No. 222 at 1–2.

The Ranch has not responded to the BLM motion, but it is apparent from the Ranch's motion that it agrees with the BLM. The County opposes the BLM motion on various grounds. *See* ECF No. 227.

2

## II.  THE RANCH'S MOTION.

The Ranch's motion asks the Court to "clarify" its Order on Remand and Amended Final Judgment by entering a recordable decree (1) providing a legal descriptions of the public rights-of way, (2) specifying that the public portion of the Middle Dry Fork Road ends at the western edge of the Ranch's property in Sec. 5, TS 8S, R100W, and (3) spelling out the parties' rights and obligations regarding the use, maintenance and improvement of the public rights-of-way. ECF No. 223 at 2–3.  In addition, the Ranch asks the Court to relieve it from its stipulation to pay the County's trial costs.  *Id.* at 6–7.

The BLM does not oppose the entry of a decree but states that issues concerning repair and maintenance of the roads were not an "essential part of the litigation."  EFC No. 26 at 2. The County argues that a decree is not necessary because the Court's judgment is a "decree," and the County will record certified copies of the Court's orders, judgment, and the centerline survey.  The County states that it does not have a legal obligation to improve or maintain the roads; rather, budgetary decisions as to what road repair or maintenance will be performed are within the Commissioner's discretion.  *Id.* at 5.  The County finally argues that the Ranch has provided no support for its plea to be relieved of the costs award to which it previously stipulated.  *Id.* at 8.

## III. FINDINGS AND CONCLUSIONS.

I agree with the BLM and the Ranch that the description of the public right-of-way determined by the Court on the Middle Dry Fork Road needs clarification.  As the BLM has noted, the Court determined that the Middle Dry Fork Road "is a public road in its entirety from the point it begins at the Y in Sec. 25 TS 7S-R000W through and including its western end in

3

Sec. 5 TS 8S-R100W." *High Lonesome I,* 508 F. Supp. at 846.  The western end, as it was known at the time, ended with the Clifford Young patent "at the far southwest end of Middle Dry Fork Road." *Id.* at 822.  Figures 2 and 3 in *High Lonesome I* visually show the Clifford Young property.  *Id.* at 811 and 815.

The western boundary of the Clifford Young patent appears to coincide with the western boundary of what today is Ranch property along the Middle Dry Fork Road.  That is where the public right-of-way across Ranch property ended under this Court's order, and that is what was affirmed by the Tenth Circuit.  The centerline survey shows that the Middle Dry Fork Road now extends beyond the former Clifford Young property road into Sec. 7.  *See* ECF No. 212-1 at 2.  That is beyond the scope of the Court's findings and order.

Neither party has specified an exact legal description of the point where the Middle Dry Fork Road intersects the western boundary of the former Clifford Young patent, now the western edge of the Ranch's property; but the parties appear to know where that is.  The Court accepts that.  Beyond that point the Middle Dry Fork Road enters public land managed by the BLM.  Accordingly, there is no basis for the Ranch to have a gate across any portion of the Middle Dry Fork Road.  It appears that the primary, if not only, practical impact of the termination of the court-ordered public-right-of-way in Sec. 5 is that beyond that point the Court's 30-foot-width determination is not binding.

Regarding a formal decree as such, the Ranch does not explain why it is necessary, nor has it tendered a proposed decree.  Absent agreement from the County, the Court is not willing to convert its orders and judgment into another document that may or may not accurately reflect the Court's rulings.

4

The parties' obligations with respect to repairs and maintenance of the roads are beyond the scope of this Court's orders and the Tenth Circuit's remand. As I noted in my Order on Remand, if I were willing to venture beyond the Circuit's explicit directions, I could find from the evidence in the record that the North Dry Fork Road "is public by adverse use from the Y at least to the western border of Sec. 23." 2024 WL 420819 at *9. I declined to do that, and I similarly reject the Ranch's attempt to do so.

Finally, I remind the Ranch that the Court found that the County was the prevailing party, and the Court thereby awarded reasonable costs to the County, to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. ECF No. 149 (Final Judgment). The parties stipulated to the amount. ECF No. 150. The Clerk entered the stipulated amount. ECF No. 152. That portion of the Court's order was not reversed or remanded.

Nevertheless, the Ranch states, "Given the ultimate outcome in this litigation, it is no longer legally tenable for the Ranch to be bound by the Stipulation or for it to be obligated for the payment of the County's costs at trial, as evidenced by the Stipulation or otherwise." ECF No. 223 at 7. In other words, because the Tenth Circuit reversed and remanded a portion of this Court's order, the Ranch is entitled to assume that the County was not the prevailing party and renege on its agreement to pay the County's trial costs. Baloney! The County was and remains the prevailing party, and the costs are to be paid promptly.

**ORDER**

1. The BLM's Motion to Alter Judgment, ECF No. 222, is GRANTED.
2. The High Lonesome Ranch's Motion for Entry of Decree in Furtherance of Order on Remand and Amended Final Judgment and Other Related Relief is GRANTED IN

5

PART AND DENIED IN PART.

3. A Second Amended Final Judgment consistent with this Order will be issued.

Dated this 30th day of December, 2024.

                        BY THE COURT:

                        _____
                        R. Brooke Jackson
                        Senior United States District Judge